MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Brett H. Miller
Dennis L. Jenkins
Jonathan I. Levine
Erica J. Richards

*Counsel for the Official Committee*
*of Unsecured Creditors of Tops Holding II Corporation, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| TOPS HOLDING II CORPORATION, *et al.*, | ) | Case No. 18-22279 (RDD) |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**COVERSHEET FOR SECOND INTERIM AND FINAL FEE
APPLICATION OF MORRISON & FOERSTER LLP AS COUNSEL
FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
INCURRED FOR THE PERIOD MARCH 6, 2018 THROUGH NOVEMBER 19, 2018**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Tops Holding II Corporation (3709), Tops MBO Corporation (4249), Tops Holding LLC (2536), Tops Markets, LLC (2810), Tops Markets II Corporation (6401), Tops PT, LLC (2050), Tops Gift Card Company, LLC (6105), Erie Logistics LLC (9381), and TM1, LLC (2409).

ny-1354832

This is a(n):  ___ monthly  _x_ interim  _x_ final application.

| | |
|---|---|
| Name of Applicant: | Morrison & Foerster LLP ("**Applicant**") |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors (the "**Committee**") |
| Date of Retention: | May 10, 2018 *nunc pro tunc* to March 6, 2018 |
| Periods for which Compensation and Reimbursement is sought: | July 1, 2018 through November 19, 2018 (the "**Second Interim Application Period**"); and |
| | March 6, 2018 through November 19, 2018 (the "**Final Application Period**")[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary for Second Interim Application Period: | $1,997,019.75[3] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary for Second Interim Application Period: | $12,045.66 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary for Final Application Period: | $3,133,341.75[4] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary for Final Application Period: | $19,113.41 |

---

[2] Morrison & Foerster reserves the right to file a supplement to this Application for any fees and expenses incurred subsequent to November 19, 2018 (the "**Post-Effective Date Period**"), in preparing and filing fee applications and attending, if necessary the final fee hearing.  Morrison & Foerster estimates that it will incur $20,000 in fees and $5,000 in expenses during the Post-Effective Date Period.

[3] The amount of compensation requested for the Second Interim Application Period reflects voluntary reductions totaling $15,818.75 in fees as client accommodations for non-working travel and time entry review.

[4] The amount of compensation requested for the Final Application Period reflects voluntary reductions totaling $27,373.75 in fees as client accommodations for non-working travel and time entry review.

ny-1354832

## Summary of Monthly Applications for Second Interim Application Period:

| Date Submitted and Docket No. | Application Period | Requested Fees (100%) | Requested Expenses (100%) | Fees Allowed (80%) | Expenses Allowed (100%) | Fee Holdback (20%) |
|---|---|---|---|---|---|---|
| 8/24/2018<br><br>Dkt. No. 530 | 7/1/2018 – 7/31/2018 | $235,191.00 | $2,303.11 | $188,152.80 | $2,303.11 | $47,038.20 |
| 10/3/2018<br><br>Dkt. No. 672 | 8/1/2018 – 8/31/2018 | $626,421.00 | $2,355.01 | $501,136.80 | $2,355.01 | $125,284.20 |
| 10/31/2018<br><br>Dkt. No. 735 | 9/1/2018 – 9/30/2018 | $481,937.00 | $3,970.99 | $385,549.60 | $3,970.99 | $96,387.40 |
| 11/30/2018<br><br>Dkt. No. 784 | 10/1/2018 – 10/31/2018 | $277,653.00 | $1,991.21 | $222,122.40 | $1,991.21 | $55,530.60 |
| 12/06/2018<br><br>Dkt. No. 788 | 11/1/2018 – 11/19/2018 | $375,817.75 | $1,425.34 | $300,654.20 | $1,425.34 | $75,163.55 |
| **TOTALS** | | **$1,997,019.75** | **$12,045.66** | **$1,597,615.80** | **$12,045.66** | **$399,403.95** |

ny-1354832

## Summary of Previous Interim Application:

| Date and Docket Number of Application | Period Covered by Application | Date and Dkt. No. of Order on Application | Interim Fees Requested | Interim Fees Allowed | Interim Fees Paid | Interim Expenses Requested | Interim Expenses Allowed | Interim Expenses Paid |
|---|---|---|---|---|---|---|---|---|
| 8/15/2018 Dkt. No. 512 | 3/6/2018 – 6/30/2018 | 10/2/2018 Dkt. No. 671 | $1,136,322.00 | $1,136,322.00 | $1,136,322.00 | $7,067.75 | $7,067.75 | $7,067.75 |

## Summary of Holdback Amounts:

Remaining 20% Holdback Amount for Second Interim Fee Period:                $399,403.95 (the "**Remaining Holdback**")

iv

MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Brett H. Miller
Dennis L. Jenkins
Jonathan I. Levine
Erica J. Richards

*Counsel for the Official Committee*
*of Unsecured Creditors of Tops Holding II Corporation, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| TOPS HOLDING II CORPORATION, *et al.*, | ) | Case No. 18-22279 (RDD) |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

### SECOND INTERIM AND FINAL FEE APPLICATION OF MORRISON & FOERSTER LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD MARCH 6, 2018 THROUGH NOVEMBER 19, 2018

Morrison & Foerster LLP ("**Morrison & Foerster**" or "**Applicant**"), counsel to the

Official Committee of Unsecured Creditors (the "**Committee**") of Tops Holding II Corporation

and its affiliates that are debtors and debtors-in-possession in the above-captioned chapter 11

cases (collectively, the "**Debtors**"), hereby submits its second interim and final fee application

for compensation and reimbursement of expenses (the "**Application**") for (a) allowance of

compensation for professional services rendered by Morrison & Foerster and reimbursement of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Tops Holding II Corporation (3709), Tops MBO Corporation (4249), Tops Holding LLC (2536), Tops Markets, LLC (2810), Tops Markets II Corporation (6401), Tops PT, LLC (2050), Tops Gift Card Company, LLC (6105), Erie Logistics LLC (9381), and TM1, LLC (2409).

ny-1354832

its actual and necessary expenses for the period from July 1, 2018 through November 19, 2018

(the "**Second Interim Application Period**"), (b) allowance of compensation for professional

services rendered by Morrison & Foerster and reimbursement of its actual and necessary

expenses for the period from March 6, 2018 through November 19, 2018 (the "**Final**

**Application Period**" and together with the Second Interim Period "**Application Periods**"), and

(c) allowance of compensation for professional services rendered by Morrison & Foerster and

reimbursement of its actual and necessary expenses incurred subsequent to November 19, 2018

(the "**Post-Effective Date Period**").   In support of the Application, Morrison & Foerster

respectfully represents as follows:

### JURISDICTION, VENUE AND STATUTORY PREDICATES

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue

before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 330, 331, and 1103

of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules

of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Bankruptcy

Rules for the Southern District of New York (the "**Local Rules**").  This Application has been

prepared in accordance with General Order M-447, the *Amended Guidelines for Fees and

Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to

Local Rule 2016-1(a) (as updated June 17, 2013)* (the "**Local Guidelines**"), and the *U.S. Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013*

ny-1354832

(the "**UST Guidelines**" and, together with the Local Guidelines, the "**Guidelines**").   Attached

hereto as **Exhibit A** is a certification regarding compliance with the Local Guidelines.

## BACKGROUND

**A.     The Chapter 11 Cases**

3.     On February 21, 2018 (the "**Petition Date**"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code in this Court.   The Debtors are

operating their businesses and managing their properties as debtors-in-possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.   No trustee or examiner has been appointed

in these chapter 11 cases.   The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered.

4.     The factual background regarding the Debtors, including their business

operations, their capital and debt structure, and the events leading to the filing of the chapter 11

cases is set forth in the *Declaration of Michael Buenzow Pursuant to Rule 1007-2 of the Local*

*Bankruptcy Rules for the Southern District of New York* [Docket No. 4].

5.     On March 6, 2018, the Office of the United States Trustee for the Southern

District of New York (the "**United States Trustee**") appointed the Committee pursuant to

section 1102 of the Bankruptcy Code [Docket Nos. 108].[2]

**B.     The Retention of Morrison & Foerster**

6.     Immediately following its appointment, the Committee conducted its initial

meeting and selected Morrison & Foerster as its counsel.

---

[2]   The original members of the Committee included: (a) PepsiCo, Inc.; (b) Valassis Direct Mail, Inc.; (c) Osterweis Strategic Income Fund; (d) U.S. Bank N.A.; (e) UFCW Local One Pension Fund; (f) International Brotherhood of Teamsters Local 264; and (g) Benderson Development Company, LLC.  On May 9, 2018, the United States Trustee filed a *Notice of Amended Appointment of Official Committee of Unsecured Creditors* [Docket No. 343] replacing PepsiCo, Inc. with Schwebel Baking Company.

3

ny-1354832

7.    On April 10, 2018, the Committee filed the *Application for Entry of an Order Authorizing the Retention and Employment of Morrison & Foerster LLP as Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to March 6, 2018* [Docket No. 245]. On May 10, 2018, the Court entered the *Order Authorizing the Retention and Employment of Morrison & Foerster LLP as Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to March 6, 2018* [Docket No. 352].

**C.    The Interim Compensation Order**

8.    On March 22, 2018, the Court entered the *Order Pursuant to Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 192] (the "**Interim Compensation Order**").  Pursuant to the Interim Compensation Order, Applicant is authorized to file and serve its monthly invoices on the Fee Notice Parties (as defined in the Interim Compensation Order).  If no objections are raised prior to the expiration of the applicable Objection Deadline, the Debtors are authorized to pay 80% of the fees and 100% of the expenses identified in the monthly fee statement.

9.    This Application covers the Second Interim Application Period from July 1, 2018 through November 19, 2018 as well as the Final Application Period and the Post-Effective Date Period.

**D.    Morrison & Foerster's Second Interim and Final Compensation**

10.    On August 15, 2018, Applicant filed the *First Interim Application of Morrison & Foerster LLP as Counsel for the Official Committee of Unsecured Creditors for Compensation and Reimbursement of Expenses Incurred for the Period March 6, 2018 through June 30, 2018* [Docket No. 512] (the "**First Application**").  In the First Application, Applicant requested payment of $1,136,322.00 in fees and $7,067.75 in expenses.  On October 2, 2018, the

4

ny-1354832

Bankruptcy Court entered an order awarding Applicant $1,136,322.00 in fees and $7,067.75 in expenses [Docket No. 671].

11.     On August 22, 2018, Applicant filed and served its monthly invoice covering the period from July 1, 2018 through July 31, 2018 (the "**July Invoice**") on the Fee Notice Parties [Docket No. 526]. On August 24, 2018, Applicant filed and served its amended monthly invoice covering the period from July 1, 2018 through July 31, 2018 (the "**Amended July Invoice**") on the Fee Notice Parties [Docket No. 530].  On October 3, 2018, Applicant filed and served its monthly invoice covering the period from August 1, 2018 through August 31, 2018 (the "**August Invoice**") on the Fee Notice Parties [Docket No. 672].  On October 31, 2018, Applicant filed and served its monthly invoice covering the period from September 1, 2018 through September 30, 2018 (the "**September Invoice**") on the Fee Notice Parties [Docket No. 735].  On November 30, 2018, Applicant filed and served its monthly invoice covering the period from October 1, 2018 through October 31, 2018 (the "**October Invoice**") on the Fee Notice Parties [Docket No. 784].  On December 6, 2018, Applicant filed and served on the Fee Notice Parties its monthly invoice covering the period from November 1, 2018 through November 19, 2018 [Docket No. 788] (the "**November Invoice**" and together with the Amended July Invoice, the August Invoice, the September Invoice, and the October Invoice, the "**Monthly Invoices**"). Applicant received no timely objections to the Monthly Invoices.

12.     The Monthly Invoices reflect voluntary aggregate deductions of $15,818.75 in fees during the Second Interim Application Period, consisting of a 50% reduction for non-working travel and a 100% reduction for Applicant's review of the Monthly Invoices for privilege and compliance with compensation guidelines.  The Monthly Invoices submitted by Applicant are subject to a 20% holdback as provided for in the Interim Compensation Order.

5

ny-1354832

The aggregate amount of Applicant's 20% holdback during the Second Interim Application Period is $399,403.95.

13.     For the convenience of the Bankruptcy Court and all parties in interest, attached hereto as **Exhibit B** is a schedule of the total amount of fees incurred under each of Applicant's internal task codes during the Second Interim Application Period and the Final Application Period.

14.     Applicant maintains computerized records of the time expended in the rendering of the professional services required by the Committee.  These records are maintained in the ordinary course of Applicant's practice.  For the convenience of the Bankruptcy Court and all parties in interest, attached hereto as **Exhibit C** is a billing summary for the Application Periods, setting forth the name of each attorney and paraprofessional who rendered services to the Committee, each attorney's year of bar admission and area of practice concentration, the aggregate time expended by each attorney and each paraprofessional, the hourly billing rate for each attorney and each paraprofessional, and the individual amounts requested for each professional.  The compensation requested by Applicant is based on the customary compensation charged by comparably skilled practitioners in other similar cases under the Bankruptcy Code.

15.     Applicant also maintains computerized records of all expenses incurred in connection with the performance of professional services.  A chart summarizing the expenses incurred during the Application Periods is attached hereto as **Exhibit D**.

16.     Attached hereto as **Exhibit E** is a summary and comparison of the aggregate blended hourly rates billed by Morrison & Foerster's New York and Washington D.C. timekeepers to non-bankruptcy matters during the preceding fiscal year and the blended hourly rates billed to the Committee during the Application Periods.

ny-1354832

17.     Attached hereto as **Exhibit F** is a summary of Morrison & Foerster's budget for the Second Interim Application Period.

18.     Attached hereto as **Exhibit G** is a summary of Morrison & Foerster's staffing plan for the Second Interim Application Period.

19.     Copies of Applicant's computerized records of fees and expenses in the format specified by the Guidelines have been served on the Fee Notice Parties with each of the Monthly Invoices and are also attached hereto collectively as **Exhibit H**.

20.     There is no agreement or understanding between Applicant and any other person, other than partners of Applicant's firm, for the sharing of compensation to be received for services rendered in the chapter 11 cases.

21.     Morrison & Foerster has been allowed, on an interim basis, fees and expenses in the following amounts on account of its previous interim fee application:

| Interim Fee Applications | Interim Fee Orders | Fees Requested | Fees Allowed | Expenses Requested | Expenses Allowed |
|---|---|---|---|---|---|
| 1st Interim<br>3/6/2018 – 6/30/2018<br>Dkt. No. 512 | 10/2/2018<br>Dkt. No. 671 | $1,136,322.00 | $1,136,322.00 | $7,067.75 | $7,067.75 |

**SUMMARY OF PROFESSIONAL COMPENSATION
AND REIMBURSEMENT OF EXPENSES REQUESTED**

22.     By this Application, Morrison & Foerster requests approval of its fees and expenses relating to professional services provided to the Committee during the Final Application Period.    Morrison & Foerster may request allowance of compensation and reimbursement of expenses for services rendered as Committee counsel after the Final Application Period and reserves the right to supplement this Application to request such amount prior to the hearing on this Application.

7

ny-1354832

23.     Specifically, Morrison & Foerster requests final allowance of (a) $2,009,065.41 for the Second Interim Application Period, consisting of $1,997,019.75 in fees for professional services rendered to the Committee and $12,045.66 in actual, reasonable, and necessary expenses incurred during the Second Interim Application Period; (b) $3,152,455.16 for the Final Application Period (which includes the fees and expenses sought for the Second Interim Application Period), consisting of $3,133,341.75 in fees for professional services rendered and $19,113.41 for reimbursement of actual and necessary expenses incurred by Morrison & Foerster during these chapter 11 cases; and (c) reasonable and necessary fees and expenses incurred during the Post-Effective Date Period in connection with preparing this Application and other activities related to the hearing on final fee applications.[3]

24.     The fees sought by this Application reflect (a) an aggregate of 2,465.90 hours of attorney and paraprofessional time spent and recorded in performing services for the Committee during the Second Interim Application Period, and (b) an aggregate of 3,829.10 hours of attorney and paraprofessional time for services rendered during the Final Application Period.   The blended hourly rate for both professionals and paraprofessionals was $809.85 for the Second Interim Application Period and $818.30 for the Final Application Period.   The blended hourly rate for attorneys only was $859.09 for the Second Interim Application Period and $863.86 for the Final Application Period.   Morrison & Foerster is only seeking compensation for services rendered to the Committee in connection with these chapter 11 cases.

---

[3] As noted above, Morrison & Foerster estimates that it will incur $20,000 in fees and $5,000 in expenses during the Post-Effective Date Period.

8

ny-1354832

**DESCRIPTION OF SERVICES AND
EXPENSES AND RELIEF REQUESTED**

25.     In general, Applicant has represented the Committee in connection with the following aspects of the chapter 11 cases:

(a)     advising the Committee in connection with its powers and duties under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules;

(b)     assisting and advising the Committee in its consultation with the Debtors relative to the administration of these cases;

(c)     attending meetings and negotiating with the representatives of the Debtors and other parties in interest;

(d)     assisting and advising the Committee in its examination and analysis of the conduct of the Debtors' affairs;

(e)     assisting and advising the Committee in connection with the Debtors' assumption or rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code;

(f)     taking all necessary action to protect and preserve the interests of the Committee, including: (i) possible prosecution of actions on its behalf; (ii) if appropriate, negotiations concerning all litigation in which the Debtors are involved; and (iii) if appropriate, review and analysis of claims filed against the Debtors' estates;

(g)     generally preparing on behalf of the Committee all necessary motions, applications, answers, orders, reports, replies, responses and papers in support of positions taken by the Committee;

(h)     appearing, as appropriate, before the Court and the United States Trustee, and protecting the interests of the Committee before the Court and before the United States Trustee; and

(i)     performing all other necessary legal services in these cases.

26.     To provide an orderly and meaningful summary of the services rendered by Applicant on behalf of the Committee during the Application Periods, Applicant established, in accordance with the Guidelines and its internal billing procedures, separate task codes in connection with the chapter 11 cases. Below is a summary of the most significant professional

ny-1354832

services rendered by Applicant during the Application Periods organized in accordance with Applicant's internal system of task codes.

27.    The summary is divided according to the project billing codes that Applicant created to best reflect the categories of tasks that it was required to perform in connection with these chapter 11 cases.  Nevertheless, under the circumstances, and given the interconnectedness of the issues in these chapter 11 cases, certain of these categories may overlap with one another. For the avoidance of doubt, however, no work performed by Applicant has been included in more than one task code category.

      (a)    **Asset Analysis and Recovery – 001.**

      **Second Interim Application Period – Fees:  $0.00; Total Hours:  0.00**
      **Final Application Period – Fees:  $14,810.00; Total Hours:  14.80**

28.    This category includes time spent by Morrison & Foerster attorneys analyzing the nature and potential value of certain of the Debtors' unencumbered assets.

      (b)    **Assumption and Rejection of Leases and Contracts – 003.**

      **Second Interim Application Period – Fees:  $11,417.50; Total Hours:  11.30**
      **Final Application Period – Fees:  $16,672.50; Total Hours:  17.50**

29.    This category includes time spent by Morrison & Foerster attorneys reviewing, analyzing, and commenting on various motions concerning the assumption or rejection of executory contracts and unexpired leases, including, but not limited to: (a) the Debtors' motion seeking approval of proposed procedures for the rejection of unexpired leases [Docket No. 20]; (b) the Debtors' motion to extend the deadline for assuming or rejecting unexpired leases and subleases of nonresidential real property [Docket No. 181]; (c) the Debtors' motion to establish procedures for the assumption of unexpired leases of nonresidential real property [Docket No. 396]; (d) the Debtors' motion for authorization to enter into a subsidy agreement with Koninklijke Ahold Delhaize, NV [Docket No. 622]; and (e) various motions and omnibus

10

notices relating to the assumption or rejection of executory contracts and unexpired leases [see, e.g., Docket Nos. 539, 540, 541, 543, 544, 557, 558, 622, 691, 703, 713].

**(c)      Budgeting – 005.**

**Second Interim Application Period – Fees:  \$0.00; Total Hours:  0.00**
**Final Application Period – Fees:  \$1,050.00; Total Hours:  1.20**

30.      This category includes time spent by Morrison & Foerster attorneys preparing prospective budgets and staffing plans in accordance with the UST Guidelines.

**(d)      Business Operations – 006.**

**Second Interim Application Period – Fees:  \$14,690.00; Total Hours:  14.60**
**Final Application Period – Fees:  \$80,345.00; Total Hours:  74.40**

31.      This category includes time spent by Morrison & Foerster on all matters relating to the Debtors' business operations.  During the Application Periods, Morrison & Foerster attorneys spent time: (a) analyzing the Debtors' financial statements and miscellaneous documents regarding the Debtors' capital structure; (b) reviewing presentations prepared by the Debtors' professionals concerning the Debtors' business operations, and discussing the same with the Debtors; (c) reviewing presentations prepared by Zolfo Cooper ("**Zolfo**"), the Committee's financial advisor, concerning the Debtors' financial performance and liquidity needs; (d) reviewing and analyzing the Debtors' monthly operating reports; and (e) reviewing the Debtors' business plan and various supplements thereto and discussing the same with the Committee.  In addition, during the Application Periods, Morrison & Foerster participated in various telephone calls and in-person meetings with the Debtors' professional advisors to discuss the Debtors' operations and business performance.

11

(e)     **Case Administration – 007.**

**Second Interim Application Period – Fees:  $9,859.00; Total Hours:  27.50**
**Final Application Period – Fees:  $32,471.50; Total Hours:  72.50**

32.     This category includes all matters related to the internal administration of the Committee, including drafting the Committee's by-laws, reviewing and revising confidentiality agreements with the Debtors, preparing and updating the Committee roster, managing task lists, monitoring the case docket, and tracking case deadlines.  This category also includes time spent coordinating case schedules, filings and other case matters internally, with the Debtors, and with Zolfo.

(f)     **Claims Administration and Objections – 008.**

**Second Interim Application Period – Fees:  $11,762.50; Total Hours:  11.50**
**Final Application Period – Fees:  $24,275.00; Total Hours:  26.80**

33.     This category includes all matters relating to the administration and review of claims asserted against the Debtors.   During the Application Periods, Morrison & Foerster attorneys spent time: (a) analyzing and providing comments on the Debtors' draft bar date order; (b) evaluating the factual and legal bases of various motions seeking allowance and payment of alleged administrative expense claims; and (c) analyzing the size of the potential general unsecured claims pool and preparing various Committee memoranda relating thereto.

(g)     **Employee Benefits and Pensions – 010.**

**Second Interim Application Period – Fees:  $28,245.00; Total Hours:  24.80**
**Final Application Period – Fees:  $139,426.00; Total Hours:  135.80**

34.     This category includes all time spent by Morrison & Foerster attorneys and paraprofessionals on issues relating to employee benefits and the Debtors' various pension obligations.

12

35.     During the Application Periods, Morrison & Foerster attorneys spent time reviewing, discussing, and responding to the *Motion of Debtors for Entry of an Order Approving (I) Key Employee Incentive Plan and (II) Key Employee Retention Plan* [Docket No. 263] (the "**KEIP/KERP Motion**").  As initially proposed, the Committee opposed material components of the relief sought in the KEIP/KERP Motion.  Morrison & Foerster accordingly began to prepare an objection to the KEIP/KERP Motion while simultaneously negotiating adjustments to the proposed incentive structure with the Debtors' professionals.   The Debtors ultimately (a) adjourned the KEIP/KERP Motion with respect to the key employee incentive plan (and subsequently withdrew it altogether); and (b) made key adjustments to the key employee retention plan ("**KERP**").   In light of the modifications to the relief sought under the KEIP/KERP Motion, instead of filing an objection, Morrison & Foerster prepared and filed the *Statement of the Official Committee of Unsecured Creditors Regarding Motion of Debtors for Entry of an Order Approving (I) Key Employee Incentive Plan and (II) Key Employee Retention Plan* [Docket No. 295].

36.     This category also includes significant time spent on the dispute among the New York Teamsters Conference Pension & Retirement Fund, C&S Wholesale Grocers Inc., and the Debtors concerning alleged withdrawal liability.  During the Application Periods, Morrison & Foerster attorneys analyzed the factual and legal basis for the dispute and participated in discussions with other parties-in-interest regarding the same.  Morrison & Foerster attorneys also analyzed a proposed settlement among the parties, which was subsequently approved by the Court on June 22, 2018 [Docket No. 431].

37.     Finally, this category includes time spent by Morrison & Foerster analyzing the factual and legal bases underlying (a) the *New York State Teamsters Conference Pension and*

13

*Retirement Fund's Motion to Enforce Settlement Agreement and for Related Relief* [Docket No. 696], (b) the Debtors' *Motion For (I) Authorization and Approval of (A) Global Settlement Among Debtors, United Food and Commercial Workers Local One Benefit Funds and (B) Assumption of Amended Collective Bargaining Agreements and (II) Related Relief* [Docket No. 501], and (c) the methodology used to calculated the UFCW Local One Pension Fund's withdrawal liability claim [see, e.g., Docket No. 611].

### (h)    Employment and Fee Applications – 011.

**Second Interim Application Period – Fees:  $23,586.00; Total Hours:  40.50**
**Final Application Period – Fees:  $53,916.00; Total Hours:  84.40**

38.    This category includes time spent by Morrison & Foerster with respect to the retention and employment of the Committee's professionals.  During the Application Periods, Morrison & Foerster attorneys drafted the *Application for Entry of an Order Authorizing the Retention and Employment of Morrison & Foerster LLP as Counsel to the Official Committee of Unsecured Creditors* Nunc Pro Tunc *to March 6, 2018* [Docket No. 245] and spent time addressing several questions raised by the United States Trustee regarding the same.  Morrison & Foerster also assisted Zolfo in preparing its retention application [Docket No. 244].  In addition, during the Application Periods, Morrison & Foerster attorneys spent time reviewing and discussing the terms of the applications to employ certain of the Debtors' professionals and analyzing the reasonableness of the compensation metrics set forth therein.

39.    This category also includes time spent on tasks relating to the payment of fees. Specifically, during the Application Periods, Morrison & Foerster's attorneys and paraprofessionals drafted and filed (a) Morrison & Foerster's fee statements for each month from March 2018 through and including October 2018, and (b) Morrison & Foerster's first interim fee application.  In connection with these fee statements, Morrison & Foerster also spent time

ny-1354832

addressing questions raised by the United States Trustee regarding its fee statements.  Finally, Morrison & Foerster attorneys also reviewed drafts of each monthly and interim fee application prepared by Zolfo.

### (i)      Employment and Fee Application Objections – 012.

**Second Interim Application Period – Fees:  $972.50; Total Hours:  1.10**
**Final Application Period – Fees:  $972.50; Total Hours:  1.10**

40.      This category includes times spent by Morrison & Foerster reviewing the United States Trustee's objection to the first interim fee applications filed by certain estate professionals [Docket No. 574].

### (j)      Financing and Cash Collateral – 013.

**Second Interim Application Period – Fees:  $402.50; Total Hours:  0.50**
**Final Application Period – Fees:  $53,863.00; Total Hours:  59.20**

41.      This category includes all time spent by Morrison & Foerster on tasks relating to the Debtors' debtor-in-possession financing (the "**DIP**") and the motion seeking approval of the DIP [Docket No. 33] (the "**DIP Motion**").  A significant amount of the time in this category was devoted to reviewing, analyzing, negotiating and developing an issues list with respect to the terms of the DIP and the relief sought in the DIP Motion.  In connection with this process, Morrison & Foerster attorneys conducted legal research on the propriety of various aspects of the relief sought in the DIP Motion, and negotiated with the Debtors and the agent under the DIP Facility regarding comments to the proposed final order (the "**Final DIP Order**").  The Committee's concerns regarding the DIP were consensually resolved, and, in lieu of filing an objection to the DIP Motion, Morrison & Foerster drafted and filed the *Statement of the Official Committee of Unsecured Creditors to the Motion of Debtors For Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (I) Authorizing Obtaining Postpetition Financing; (II) Authorizing Use of Cash Collateral; (III) Granting Liens and*

15

*Providing Superpriority Administrative Expense Status; (IV) Granting Adequate Protection; (V) Modifying Automatic Stay; (VI) Scheduling Final Hearing; and (VII) Granting Related Relief* [Docket No. 221].

 **(k) Meetings and Communications with Creditors – 015.**

 **Second Interim Application Period – Fees:  $151,874.00; Total Hours:  162.20**
 **Final Application Period – Fees:  $353,144.00; Total Hours:  375.00**

42. This category includes time spent by Morrison & Foerster relating to communications with creditors, including preparation for and participation in weekly conference calls with the Committee as a whole, as well as calls and correspondence with individual Committee members, and with Zolfo, the Committee's financial advisor.  Morrison & Foerster coordinated all of the Committee's activities, including preparing and distributing materials to facilitate Committee deliberations, raising individual Committee member concerns with the entire Committee, setting agendas for Committee conference calls and meetings, and leading those calls and meetings.

43. In order to ensure that Morrison & Foerster provided the most efficient and cost-effective services to the Committee, each weekly Committee call and meeting was typically attended by each member of the core Morrison & Foerster team working on this representation. Given the level of activity in these chapter 11 cases, these Committee meetings and calls often lasted more than an hour and required extensive preparation by Morrison & Foerster's attorneys. Morrison & Foerster also held multiple conference calls with individual Committee members and Zolfo in preparation for each Committee meeting and Committee call.

44. During Committee calls, Morrison & Foerster addressed key issues with the full Committee and its advisors.  Prior to such meetings, Morrison & Foerster reviewed pending matters requiring the Committee's attention, analyzed any underlying documentation in

ny-1354832

connection therewith, and coordinated with Zolfo on providing advice to the Committee. Thereafter, Morrison & Foerster discussed pending matters with the Committee and assisted the Committee in formulating a position with respect to each matter. In addition, during the Application Periods, Morrison & Foerster provided Committee members with memoranda addressing pending motions and upcoming case matters and email updates regarding the status of the chapter 11 cases and any important pleadings or issues that arose between Committee meetings or Committee calls.

**(l)      Non-Working Travel – 016.**

**Second Interim Application Period – Fees: $14,737.50; Total Hours: 16.70**
**Final Application Period – Fees: $26,957.50; Total Hours: 31.90**

45.      This category includes time spent by Morrison & Foerster attorneys in non-working travel while representing the Committee, including, but not limited to, travel to and from hearings and various meetings with the Debtors. Morrison & Foerster reduced its fees by 50% for time relating to non-working travel.

**(m)     Plan and Disclosure Statement – 017.**

**Second Interim Application Period – Fees: $577,158.50; Total Hours: 552.30**
**Final Application Period – Fees: $577,383.50; Total Hours: 552.50**

46.      This category includes time spent by Morrison & Foerster related to the process of formulating, negotiating, and obtaining confirmation of a chapter 11 plan of reorganization. During the Compensation Period, Morrison & Foerster spent significant time reviewing and analyzing numerous proposed plan term sheets and each of the filed versions of the Debtors' proposed plan of reorganization and disclosure statement as well as all ancillary documents.

47.      Additionally, Morrison & Foerster engaged in extensive discussions with the members of the Committee regarding potential plan structures that would be acceptable to all members of the Committee. In preparation for these discussions, Morrison & Foerster

17

conducted substantial factual, financial, and legal analyses and participated in regular strategy sessions with the Committee's other professionals regarding plan economics and potential strategies for increasing recoveries for general unsecured creditors.  In connection with these efforts, Morrison & Foerster's attorneys prepared several in-depth presentations to the Committee regarding potential plan alternatives and recovery scenarios.  Morrison & Foerster also spent significant time considering and addressing various concerns advanced by individual creditors.

48.    In consultation with Morrison & Foerster and the Committee's other professionals, the Committee initially opposed the Debtors' plan and disclosure statement. Accordingly, during the Compensation Period, Morrison & Foerster spent significant time preparing an objection (the "**DS Objection**") to the *Debtors' Motion for an Order (I) Approving Disclosure Statement; (II) Establishing Notice and Objection Procedures for Confirmation of the Plan; (III) Approving Solicitation Packages and Procedures for Distribution Thereof; (IV) Approving the Forms of Ballots and Establishing Procedures for Voting on the Plan; and (V) Granting Related Relief* [Docket No. 549].

49.    While preparing the DS Objection, Morrison & Foerster's attorneys engaged in extensive negotiations with the Debtors and the Ad Hoc Committee of Senior Noteholders regarding the terms of the Debtors' plan.  Morrison & Foerster's efforts ultimately led to certain key concessions for holders of general unsecured claims and resulted in a settlement between the Committee, the Debtors, and the Ad Hoc Committee of Senior Noteholders (the "**Committee Settlement**"), which was reflected in the *Amended Joint Chapter 11 Plan of Reorganization of Tops Holding II Corporation and Its Affiliated Debtors* [Docket No. 637] (the "**Amended**

**Plan**").  The Committee agreed to support confirmation of the Amended Plan and accordingly did not file the DS Objection.

#### (n)    Real Estate – 018

**Second Interim Application Period – Fees:  $0.00; Total Hours:  0.00**
**Final Application Period – Fees:  $305.00; Total Hours:  0.40**

50.    This category includes time spent by Morrison & Foerster attorneys analyzing and reviewing the status of the Debtors' various leases of non-residential real property.

#### (o)    Relief from Stay and Adequate Protection – 019.

**Second Interim Application Period – Fees:  $87.50; Total Hours:  0.10**
**Final Application Period – Fees:  $8,282.50; Total Hours:  10.30**

51.    This category includes time spent by Morrison & Foerster analyzing, summarizing, and discussing various motions for relief from the automatic stay, as well as pleadings responsive thereto.

#### (p)    Reporting – 020

**Second Interim Application Period – Fees:  $857.50; Total Hours:  1.10**
**Final Application Period – Fees:  $3,380.00; Total Hours:  3.40**

52.    This category includes time spent by Morrison & Foerster reviewing reports provided to the Committee by the Debtors pursuant to various first day orders.

#### (q)    Discovery – 023.

**Second Interim Application Period – Fees:  $700,542.00; Total Hours:  1,050.80**
**Final Application Period – Fees:  $988,629.00; Total Hours:  1,414.90**

53.    This category includes time spent by Morrison & Foerster engaging in all aspects of the discovery process during the Application Periods, including drafting and serving document demands, conducting legal research associated with formal and informal discovery, coordinating on various discovery matters with the Debtors and other parties in interest, and

19

tracking and reviewing the discovery obtained from such parties since the commencement of these cases.

54.     In particular, Morrison & Foerster conducted formal and informal discovery in connection with the Committee's claims investigation.  This entailed drafting extensive informal document requests to the Debtors and the Debtors' former private equity sponsor.  In an effort to expedite the discovery process following certain objections raised by the Debtors in connection with Morrison & Foerster's informal discovery requests, Morrison & Foerster also spent significant time drafting and filing a Rule 2004 motion [Docket No. 395], analyzing the Debtors' objection to that motion [Docket No. 411], and preparing a reply thereto [Docket No. 419]. However, prior to the hearing on the Committee's Rule 2004 motion, the parties reached a consensual resolution.  Morrison & Foerster accordingly agreed to adjourn the motion from time to time.

55.     The Debtors and the Debtors' former private equity sponsor ultimately produced approximately 14,000 documents to the Committee.  During the Application Periods, Morrison & Foerster attorneys spent significant time reviewing these documents and constructing a factual narrative in connection with that review.  As the parties produced the discovery to the Committee on a rolling basis, Morrison & Foerster also participated in numerous meet and confers with opposing counsel to discuss the scope of discovery and highlight various categories of documents that appeared to be missing from the productions.

56.     In addition to document discovery, as part of the Committee Settlement, the Debtors agreed to make certain current and former directors and officers available to be interviewed regarding certain transactions underlying the Committee's claims investigation.  In

ny-1354832

that connection, during the Application Periods, Morrison & Foerster spent extensive time preparing for, and participating in, an interview of the Debtors' former Chief Financial Officer.

**(r)      Hearings – 024.**

**Second Interim Application Period – Fees:  $39,961.00; Total Hours:  41.40**
**Final Application Period – Fees:  $90,052.00; Total Hours:  90.60**

57.      This category includes time spent by Morrison & Foerster attorneys preparing for, attending, and reporting to the Committee regarding, Court hearings.  During the Application Periods, the Court held several hearings with respect to a wide variety of issues related to these chapter 11 cases.  To the extent feasible, Morrison & Foerster attorneys attended hearings telephonically.

**(s)      First and Second Day Motions – 025.**

**Second Interim Application Period – Fees:  $0.00; Total Hours:  0.00**
**Final Application Period – Fees:  $64,095.00; Total Hours:  71.00**

58.      This category includes time spent by Morrison & Foerster preparing for and representing the Committee in connection with the motions filed on the Petition Date or shortly thereafter.  During the Application Periods, Morrison & Foerster reviewed, analyzed, and responded to the first and second day motions and drafted memoranda analyzing the relief sought in the motions for the Committee.  Specifically, among other motions, Morrison & Foerster reviewed and analyzed the Debtors' motions seeking authority to: (a) pay certain prepetition taxes and fees [Docket No. 13]; (b) continue and renew their insurance policies [Docket No. 12]; (c) maintain their refund programs in the ordinary course of business [Docket No. 9]; (d) pay the prepetition claims of certain critical vendors [Docket No. 7]; (e) pay claims on account of prepetition wages and employee benefits [Docket No. 6]; and (f) maintain the Debtors' cash management system [Docket No. 5].  Morrison & Foerster spent significant time

21

discussing the terms of the final orders with Zolfo and the Debtors' professionals and negotiating changes to the orders.

**(t)      Claims Investigation – 026.**

**Second Interim Application Period – Fees:  $412,248.00; Total Hours:  492.20**
**Final Application Period – Fees:  $464,153.00; Total Hours:  556.00**

59.      This category includes time spent by Morrison & Foerster analyzing and investigating potential estate claims and causes of action that might serve as a source of recovery for the Debtors' unsecured creditors, with a focus on potential claims and causes of action against the Debtors' former private equity sponsor, the Debtors' current and former directors and officers, and various third parties, including the Debtors' former financial advisors.   In furtherance of the investigation, Morrison & Foerster attorneys spent significant time (a) conducting factual diligence and legal research to identify and assess the strength of the potential estate claims and causes of action; (b) participating on numerous conference calls with Zolfo to discuss investigation strategy and coordinate work streams; (c) preparing several complex legal memoranda outlining the pertinent facts and legal issues underlying the estate claims and causes of action identified in connection with the Committee's investigation; and (d) preparing a comprehensive presentation to the Committee regarding the strengths and weaknesses of the various estate claims and causes of action.

**(u)      Lien Investigation – 027.**

**Second Interim Application Period – Fees:  $0.00; Total Hours:  0.00**
**Final Application Period – Fees:  $123,362.50; Total Hours:  180.80**

60.      Pursuant to the Final DIP Order, the Committee had ninety (90) days to commence a proceeding objecting to or challenging the amount, validity, perfection, enforceability, priority or extent of the liens and collateral held by the Debtors' prepetition secured lenders (the "**Prepetition Lenders**").   Accordingly, the Committee initiated a thorough

22

but expedited review of these liens and collateral packages to determine the extent of the liens and security interests of the Prepetition Lenders and to assess whether any avoidance claims and causes of action could be asserted against certain Prepetition Lenders, and prepared materials for the Committee summarizing the results of that review.

**(v)    Other Motions/Applications– 029.**

**Second Interim Application Period – Fees:  $2,015.00; Total Hours:  2.40**
**Final Application Period – Fees:  $13,547.50; Total Hours:  15.10**

61.    This category includes time spent reviewing, analyzing, and summarizing several miscellaneous motions filed in these cases.

**(w)    Schedules and Statements – 030.**

**Second Interim Application Period – Fees:  $0.00; Total Hours:  0.00**
**Final Application Period – Fees:  $9,167.50; Total Hours:  14.90**

62.    This category includes time spent by Morrison & Foerster reviewing and analyzing the Debtors' schedules of assets and liabilities and statements of financial affairs.

**(x)    Insurance – 031.**

**Second Interim Application Period – Fees:  $3,972.50; Total Hours:  3.70**
**Final Application Period – Fees:  $6,560.00; Total Hours:  6.20**

63.    This category includes time spent by Morrison & Foerster analyzing the *Motion of Debtors For Entry of Order Authorizing Assumption of Certain AIG Insurance Program Agreements* [Docket No. 239] and discussing the same with the Debtors' professionals.  This category also includes time spent by Morrison & Foerster reviewing the Debtors' liability insurance policies.

23

(y)    **Time Entry Review– 032.**

**Second Interim Application Period – Fees:  $8,450.00; Total Hours:  11.20**
**Final Application Period – Fees:  $13,895.00; Total Hours:  18.40**

64.    This category includes time spent reviewing and revising attorney and paraprofessional time entries in order to comply with the Guidelines.  Morrison & Foerster is not seeking payment for any of the time that it spent in connection with reviewing and editing time entries.

## MORRISON & FOERSTER'S REQUESTED FEES AND REIMBURSEMENT OF EXPENSES SHOULD BE ALLOWED BY THIS COURT

65.    Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 sets forth the criteria for the award of compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (a)    the time spent on such services;
>
> (b)    the rates charged for such services;
>
> (c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (e)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

24

ny-1354832

(f)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

66.     In the instant case, Morrison & Foerster respectfully submits that the services for which it seeks compensation in this Application, which includes the Second Interim Application Period and the Final Application Period, were necessary for and beneficial to the Committee. Morrison & Foerster respectfully submits that the services rendered to the Committee were performed economically, effectively and efficiently and the results obtained have benefited the unsecured creditor body as a whole.  Morrison & Foerster further submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Committee and all parties in interest.

67.     Accordingly, Morrison & Foerster believes that the services rendered during the Second Interim Application Period and the Final Application Period on behalf of the Committee were reasonable and necessary within the meaning of Bankruptcy Code section 330.  Further, the expenses requested were actual and necessary to the performance of Morrison & Foerster's services.

**APPLICANT STATEMENT PURSUANT TO APPENDIX B OF THE UST GUIDELINES**

68.     The following statement is provided pursuant to ¶ C.5. of the UST Guidelines.

(a)     **Question:**  Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.

**Answer:**  No.

(b)     **Question:**  If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

25

**Answer:** A chart comparing the amounts billed to each project category to the amount budgeted for each project category is attached hereto as **Exhibit F**. In total, the fees sought in this Application are less than the fees budgeted for the time period covered by this Application.

(c) **Question:** Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Answer:** No.

(d) **Question:** Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

**Answer:** Applicant spent 18.40 hours totaling $13,895.00 in fees reviewing and revising time records but has voluntarily written off all such fees.

(e) **Question:** Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Answer:** No.

(f) **Question:** If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?

**Answer**: The Application does not include any rate increases.

### CONCLUSION

WHEREFORE, Morrison & Foerster respectfully requests that the Bankruptcy Court enter an order:

a) awarding on a final basis compensation for professional services rendered during the Second Interim Application Period in the amount of $1,997,019.75 and reimbursement for actual and necessary expenses incurred by Morrison & Foerster during the Second Interim Application Period in the amount of $12,045.66;

26

ny-1354832

b) awarding on a final basis aggregate fees in the amount of $3,133,341.75 and aggregate expenses in the amount of $19,113.41 for the Final Application Period, which includes the fees and expenses for the Second Interim Application Period;

c) awarding reasonable and necessary fees and expenses incurred during the Post-Effective Date Period in connection with preparing this Application and other activities related to the hearing on final fee applications;

d) authorizing and directing payment by the Debtors of the remaining holdback amounts due and owing to Morrison & Foerster, which total $399,403.95;

e) approving and directing the Debtors' payment of all allowed fees for services rendered and expenses incurred by Morrison & Foerster in connection with these chapter 11 cases that remain unpaid as of the date of entry of the Order;

f) providing that the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Morrison & Foerster's right to seek additional compensation for services performed and expenses incurred in connection with these chapter 11 cases which were not processed at the time of this Application or which were incurred after the effective date of the Debtors' Plan; and

g) granting Morrison & Foerster such other and further relief as is just and proper.

Dated: January 3, 2019       /s/ Brett H. Miller
New York, New York       MORRISON & FOERSTER LLP
New York, NY 10019-9601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Brett H. Miller
Dennis L. Jenkins
Jonathan I. Levine
Erica J. Richards

*Counsel for the Official Committee*
*of Unsecured Creditors of Tops Holding II Corporation,*
*et al.*

.

27

ny-1354832