**Hearing Date/Time: December 3, 2025 at 10:00 a.m. (EST)**
**Objection Deadline: November 26, 2025 at 4:00 p.m. (EST)**

**HALPERIN BATTAGLIA BENZIJA, LLP**
40 Wall Street, 37th Floor
New York, New York 10005
Telephone: (212) 765-9100
Facsimile: (212) 765-0964
Scott A. Ziluck
Ligee Gu
Email: sziluck@halperinlaw.net
Email: lgu@halperinlaw.net

*Counsel to the Tops Holding Litigation Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- X
: 
In re:  :  Chapter 11
:  Case No. 18-22279 (SHL)
**TOPS HOLDING II CORPORATION,** *et al.*,  :  (Jointly Administered)
Reorganized Debtors.[1]
:
------------------------------------- X

### LITIGATION TRUSTEE'S FIRST OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM
### (DUPLICATE CLAIMS AND AMENDED AND SUPERSEDED CLAIMS)

> **ANY CLAIMANT RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND LOCATE YOUR NAME AND CLAIM(S) AS CONTAINED HEREIN TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

---

[1] The Debtors included Tops Holding II Corporation, Tops MBO Corporation, Tops Holding LLC, Tops Markets, LLC, Tops Markets II Corporation, Tops PT, LLC, Tops Gift Card Company, LLC, Erie Logistics LLC, and TM1, LLC when these cases were commenced. The only cases which remain open, pursuant to this Court's Order dated March 21, 2019, are the cases of Tops Holding II Corporation and TM1, LLC.

Alan D. Halperin, in his capacity as the litigation trustee (the "Litigation Trustee") of the Tops Holding Litigation Trust (the "Litigation Trust") of Tops Holding II Corporation and its affiliated debtors (the "Debtors"), by and through his undersigned counsel, hereby files this *Litigation Trustee's First Omnibus Objection to Certain Proofs of Claim (Duplicate Claims and Amended and Superseded Claims)* (the "Objection"), pursuant to §§ 105(a) and 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and § 7.1 of the Plan of the Plan,[2] seeking entry of an order, substantially in the form attached as **Exhibit A** to the Objection (the "Proposed Order") disallowing and expunging in full: (a) the duplicative claims listed on **Exhibit 1** to the Proposed Order, and (b) the amended and superseded claims listed on **Exhibit 2** to the Proposed Order. In support of the Objection, the Litigation Trustee respectfully represents:

## GENERAL BACKGROUND

1.  On February 21, 2018 (the "Commencement Date"), the each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (this "Court").

2.  On June 15, 2018, the Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Procedures Relating Thereto and Approving Form and Manner of Notice Thereof* (ECF No. 413) establishing the following deadlines: (a) July 31, 2018 as the last day for non-governmental entities to file pre-petition claims against the Debtors and their estates (the "General Bar Date"); (b) August 20, 2018 as the last day for governmental entities (the

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the *Second Amended Joint Chapter 11 Plan of Liquidation of Debtors* [ECF No. 1491] (the "Plan").

2

"Governmental Bar Date"); and (c) for claims arising from the rejection of an executory contract or unexpired lease, the later of (i) the General Bar Date and (ii) thirty (30) days after entry of the order authorizing such rejection (the "Rejection Damages Bar Date", and together with the General Bar and the Governmental Bar Date, the "Bar Dates").[3]

3. Notices of the Bar Date Order were served on all parties of interest and known creditors pursuant to notices served on June 26, 2018 (ECF No. 435) and July 26, 2018 (ECF No. 481). The notices were also published in the New York Times and the Buffalo News on June 26, 2018 (ECF No. 471).

4. On November 9, 2018, the Bankruptcy Court entered an Order (ECF No. 765) confirming the *Second Amended Joint Chapter 11 Plan of Reorganization of Tops Holding II Corporation and Its Affiliated Debtors (with Technical Modifications)* (ECF No. 751) (the "Plan") filed by the Debtors. The Plan became effective on November 19, 2018.

5. The Litigation Trust was established pursuant to the Plan, the Confirmation Order, and that certain Litigation Trust Agreement (the "Litigation Trust Agreement"), dated as of November 19, 2018, by and between the Debtors and Alan D. Halperin, in his capacity as Litigation Trustee. The Litigation Trust has assumed responsibility for the claims reconciliation and objection process with respect to General Unsecured Claims. *See* Plan § 7.1. The Debtors retain responsibility for objecting to all other claims including secured claims, administrative expense claims, and priority claims. *Id.*

---

[3] Executory contracts and unexpired leases that were not previously assumed or rejected were deemed rejected by the Plan. Any claims arising out of rejections by the Plan were required to be filed by January 3, 2019 or were forever barred and unenforceable. Notice of this deadline was provided to potential claimants (ECF Nos. 774 and 781).

6. The Plan and Confirmation Order established the deadline for the Litigation Trustee to object to General Unsecured Claims in Class 4 as **the earlier of**: (i) ninety (90) days after any claims against the Prior Sponsor Group that constitute GUC Litigation Trust Causes of Action have been fully liquidated, and (ii) such later date as may be fixed by the Bankruptcy Court (as the same may be extended by the Bankruptcy Court). *See* Plan § 7.1 and Confirmation Order ¶ 40. The Litigation Trustee contends that use of the word "earlier" was a drafting error and was intended to be "the later of" in order to allow the Court to set a deadline for objecting to claims in its discretion.

7. The Litigation Trustee retained litigation counsel promptly after the Effective Date and undertook an investigation of the GUC Litigation Causes of Action, and an adversary complaint captioned *Alan D. Halperin, as the Litigation Trustee for the Tops Holding Litigation Trust v. Morgan Stanley Investment Management, Inc., et al. Adv. Proc. No. 20-08950 (*the "Adversary Proceeding"*)* was filed on February 12, 2020 against certain of the former owners and directors of the Debtors. That Adversary Proceeding has been resolved and a settlement was finalized on October 8, 2025. The Litigation Trustee is currently working on other potential GUC Litigation Causes of Action related to insurance coverage.

8. Meaningful recoveries from the Adversary Proceeding and other GUC Litigation Causes of Action are the only potential source of funds that will make distributions to holders of allowed general unsecured claims (the beneficiaries of the Litigation Trust) possible, or to fund the review and reconciliation of the approximately 1350 general unsecured claims asserted in these cases. For that reason, reconciliation of the large general unsecured claims pool is only at the nascent stage. The Litigation Trustee expects that in the coming months, the reconciliation process will ramp up in earnest and many more objections will need to be filed.

## JURISDICTION AND VENUE

9. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012, and Articles II.4, VIII.1 and XIII.1 of the Plan.

10. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

11. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

12. By this Objection, and for the reasons set forth more fully below, the Litigation Trustee objects to the Claims pursuant to §§ 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014, and requests entry of the Proposed Order disallowing and expunging each of the Claims as reflected in **Exhibits 1 and 2** to the Proposed Order.

13. In support of the relief requested herein, the Litigation Trustee submits the Declaration of Alan D. Halperin, as Litigation Trustee (the "Halperin Declaration"), a copy of which is attached hereto and incorporated herein as **Exhibit B**.

## OBJECTION TO CLAIMS

14. As set forth in the Halperin Declaration, the Litigation Trustee's professionals examined proofs of claim filed against the Debtors, all supporting documentation provided by the claimants, if any, and the Debtors' books and records, and have identified certain Claims that are Duplicate Claims or Amended and Superseded Claims, as defined below.

15. Pursuant to § 502 of the Bankruptcy Code, "[a] claim or interest, proof of which is filed under 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest… objects." U.S.C. § 502(a).

16. When asserting a proof of claim against a bankruptcy estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *Matter of Int'l Match Corp.,* 69 F.2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). Upon an objection, the claimant has the burden to demonstrate the validity of the claim. *See Rosier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC),* 15 Civ. 3248, 2016 WL, 796860, at *9 (S.D.N.Y. 2016); *In re Arcapita Bank B.S.C.(c),* No. 12-11076 (SHL), 2013 WL 614616, at *1 (Bankr. S.D.N.Y. Nov. 21, 2013), *aff'd sub nom. In re Arcapita Bank B.S.C.(c)*, 508 B.R. 814, 817 (S.D.N.Y. 2014); *In re Motors Liquidation Co.*, No. 09-50026, 2012 WL 1886755, at *3 (S.D.N.Y. May 12, 2012). In other words, once the prima facie validity of a claim is rebutted, "it is for the claimant to prove his claim, not for the objector to disprove it." *In re Kahn*, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990).

**Duplicate Claims**

17. The Litigation Trustee's professionals have identified certain claims that were filed by or on behalf of the same claimant against one or more of the Debtors with respect to the same obligations (the "Duplicate Claims"). *See* Halperin Declaration at ¶ 3.

18. The Duplicate Claims listed on **Exhibit 1** to the Proposed Order in the column labeled "Duplicate Claims to be Disallowed" are duplicative of the corresponding claim listed in the column labeled "Surviving Claims". If the Duplicate Claims are not expunged or disallowed, the Litigation Trust risks granting multiple recoveries to a claimant on account of a single claim of liability. In order to ensure that the claimants have only a single claim of liability, the Litigation Trustee seeks to disallow the Duplicate Claims to clarify the claims register and eliminate redundant claims. The holders of Duplicate Claims will retain a surviving claim after the disallowance and expungement of the Duplicate Claims, to the extent the surviving claim is not the subject of a separate successful objection. Although the Litigation Trustee does not object

6

herein to the validity, amount, or priority of any surviving claim, he expressly reserves the right to object to the surviving claims on any grounds whatsoever at a later date.

19. The claimants asserting Duplicate Claims will not be prejudiced by the disallowance and expungement of those claims because each of those claims asserts a basis for liability that is identical to that asserted in the proposed surviving claim filed by the claimant.

20. Bankruptcy Rule 3007(d) permits the filing of objections to more than one claim on the basis that, among other things, such claims "duplicate other claims." Fed. R. Bankr. P. 3007(d)(1).

21. The Litigation Trust cannot be required to pay on the same claim more than once. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley Mayerson & Casey*, 160 B.R. 882, 892 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are general disallowed."). The Bankruptcy Court in the Southern District of New York routinely disallows and expunges duplicative claims filed against the same debtor, including earlier in this case. *See, e.g. In re Tops Holding II Corporation*, Case No 18-22279 (RDD) (Bankr. S.D.N.Y. Mar. 11, 2019) (ECF 880); *In re Ezra Holdins Ltd.*, Case No. 17-22405 (RDD) (Bankr. S.D.N.Y Sept. 10, 2018) (ECF No. 464); *In re 21st Century Oncology Holdings, Inc.*, Case No. 17-22770 (RDD) (Bankr. S.D.N.Y. Apr. 27, 2018) (ECF No. 1078).

22. To avoid the possibility of multiple recoveries on the same claim, the Litigation Trustee respectfully requests that the Bankruptcy Court disallow and expunge in their entirety the Duplicate Claims identified on **Exhibit 1** to the Proposed Order.

**Amended and Superseded Claims**

23. The Litigation Trustee and his professionals have reviewed certain claims that they have identified as having been amended and superseded by claims later filed by the same claimant for the same liability (the "Amended and Superseded Claims"). *See* Halperin Declaration at ¶ 4.

24. The claims identified on **Exhibit 2** to the Proposed Order under the column heading "Amended Claims to be Disallowed" are the original claims filed by each claimant. The later filed claims, which will remain after the instant objection, are identified under the column heading "Surviving Claims". The Litigation Trustee seeks to disallow and expunge in their entirety the Amended and Superseded Claims.

25. In the absence of prejudice, bankruptcy courts generally allow amendments to proofs of claim to cure a defect in a claim as filed or to describe the claim with greater particularity. *See In re Enron Corp.*, 298 B.R. 513, 520 (S.D.N.Y. 2003) (amendments are "allowed, where the purpose is to cure a defect in the claims as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim.") *citing In re W.T. Grant Co.*, 53 B.R. 417, 420 (Bankr. S.D.N.Y. 1985).

26. Bankruptcy Rule 3007(d)(3) permits the filing of objections to claims on the basis that such claims "have been amended by subsequently filed proofs of claim." Fed. R. Bankr. P. 3007(d)(3).

27. The claimants affected by this objection will not be prejudiced if the Amended and Superseded Claims are expunged because each claimant will retain the corresponding Surviving Claim against the Debtors' estates that is identified on **Exhibit 2** to the Proposed Order, to the extent not objectionable on other grounds or previously withdrawn or expunged.[4] Unless the Amended and Superseded Claims are disallowed, the claimants listed on **Exhibit 2** to the Proposed Order will receive an excess recovery from the Debtors' estates.

28. The Litigation Trustee therefore seeks to disallow and expunge in their entirety the

---

[4] As the claims reconciliation process is ongoing, the Litigation Trustee reserves and preserves all rights to object to any proofs of claim, including but not limited to the Surviving Claims, on any grounds and file subsequent substantive or non-substantive objections based upon such grounds.

8

Amended and Superseded Claims identified on **Exhibit 2** to the Proposed Order.

## RESERVATION OF RIGHTS

29.     The Litigation Trustee expressly reserves the right to amend, modify or supplement this Objection and to file additional substantive or non-substantive objections to the claims objected to herein, or any other claims (filed or not) which may be asserted in this case.  Should the grounds stated in this Objection be overruled, the Litigation Trustee reserves his right to object on other stated grounds or on any other grounds that the Litigation Trustee discovers.  In addition, the Litigation Trustee reserves the right to seek further reduction of any Claim for any reason including to the extent such claim has been paid, and further reserve the right to raise further objections.

30.     No previous request for the relief sought herein has been made by the Litigation Trustee to this or any other Court.

## RESPONSES TO OBJECTION

31.     <u>Filing and Service of Responses</u>.   To contest this Objection, a holder of a Claim must file and serve a written response to this Objection (a "<u>Response</u>") so that it is received no later than **4:00 p.m. (Eastern Time) on November 26, 2025** (the "<u>Response Deadline</u>"). Claimants should read the Proposed Order and Exhibits attached carefully.

32.     Every Response must (i) be made in writing, (ii) state with particularity the grounds therefore, (iii) be filed in accordance with the electronic filing procedures for the United States Bankruptcy Court for the Southern District of New York, with proof of service, with a courtesy copy delivered by mail or email to the Chambers of the Honorable Sean H. Lane, One Bowling Green New York, New York 10004; and (iv) served upon (a) Scott A. Ziluck, Esq. and Ligee Gu, Esq., Halperin Battaglia Benzija, LLP, 40 Wall Street, 37th Floor, New York, New York 10005,

9

sziluck@halperinlaw.net and lgu@halperinlaw.net so as to be received no later than the Response Deadline. The Litigation Trustee and his counsel will accept service via email at the email addresses shown above.

**WHEREFORE** the Litigation Trustee respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as is just.

Dated: October 31, 2025
      New York, New York

**HALPERIN BATTAGLIA BENZIJA, LLP**

By: */s/ Scott A. Ziluck*
40 Wall Street, 37th Floor
New York, New York 10001
Telephone: (212) 765-9100
Facsimile: (212) 765-0964
Email: sziluck@halperinlaw.net
Email: lgu@halperinlaw.net

*Counsel to the Litigation Trustee*